IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-33,203-02






EX PARTE DAVID ANDREW ANDERSON, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 007-0529-02-A IN THE 7TH 

DISTRICT COURT SMITH COUNTY 



 

 

 

 Per curiam.

 

O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was charged by indictment with evading arrest while using a vehicle. A
jury found Applicant guilty and found that Applicant used or exhibited a deadly weapon, an
automobile, while evading arrest. The court later assessed punishment at life imprisonment. 
The conviction was affirmed on direct appeal in an unpublished decision. Anderson v. State,
No. 12-02-00277-CR (Tex. App.--Tyler delivered June 2, 2004, pet. ref'd).

 In this application for a writ of habeas corpus, Applicant argues, inter alia, that his
counsel provided ineffective assistance and that he was denied due process when the State
failed to timely inform him that it intended to seek a deadly weapon finding, which also acted
to enhance the punishment. While the trial court has entered findings of fact and conclusions
of law, it is this Court's opinion that more information is needed before this Court can render
a decision on these claims. Further information must be submitted, including an affidavit
from trial counsel that addresses Applicant's ineffective assistance of counsel claims and
information regarding the exact nature of the claims raised on direct appeal, specifically, the
grounds that were the basis of Applicant's challenge to the State's notice of intent to seek a
deadly weapon finding and enhancement.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure. In addition to ordering an affidavit from trial counsel, the trial court may order
additional affidavits, depositions, interrogatories, or hold a hearing. In the appropriate case,
the trial court may also rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall supplement the
record to this Court with trial counsel's affidavit, a copy of the file-stamped notice provided
by the State regarding its intent to seek a deadly weapon finding and enhancement, and the
appellate brief that Applicant filed on direct appeal, as well as any other documents or filings
that the trial court finds appropriate to aid in resolving Applicant's claims. The trial court
shall also make any further findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: JANUARY 25, 2006

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.